| | |
|---|---|
| GABRIELE OTT, | |
| Plaintiff, | CASE NO. C12-5762 BHS |
| v. | ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION, VACATING PREVIOUS ORDERS, AND DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |
| AVIS RENT A CAR SYSTEM, LLC, | |
| Defendant. | |

This matter comes before the Court on Defendant Avis Rent A Car System, LLC's ("Avis") motion for reconsideration (Dkt. 13).

The Court committed clear error as to the procedural history of the case and apologizes to the parties for the confusion and multiple orders. Avis's motion for reconsideration is **GRANTED** and the two orders posted yesterday (Dkts. 11 & 12) are hereby **VACATED**. The original order of the Court denying the motion to remand (Dkt. 9) shall remain as the operative order of the Court.

With regard to Plaintiff Gabriele Ott's ("Ott") motion for reconsideration (Dkt. 10), Ott argues that "the reasoning in the Order [Dkt. 9] would render the 30-day removal clock obsolete in every state where pleading rules or statutes prohibit the plaintiff from stating a jurisdictional amount." Dkt. 10 at 5. The Court disagrees. Washington law provides that "[i]n any civil action for personal injuries, the complaint shall not contain a

statement of the damages sought but shall contain a prayer for damages as shall be determined." RCW 4.28.360. Based on Ott's logic, service of a complaint like Ott's, which prayed for "economic, non-economic and punitive damages in amounts to be proven at the time of trial," would give defendants 30 days to guess whether the alleged damages exceed the jurisdictional amount. If a defendant guesses incorrectly, then the defendant either waives its right to remove or exposes itself to sanctions for improper removal. The Ninth Circuit has "emphasized the importance of 'guard[ing] against premature and protective removals and minimiz[ing] the potential for a cottage industry of removal litigation.'" *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 691 (9th Cir. 2006) (citing *Harris v. Bankers Life & Casualty Co.*, 425 F.3d 689, 697 (9th Cir. 2005)). A finding that Avis erred in this case would be contrary to any guard against premature or protective removal.

On the other hand, a plaintiff chooses her forum when she files the complaint. If a plaintiff chooses to try her claim in state court, she can place on the face of the complaint a statement that damages are less than the jurisdictional minimum. Regardless, Ott's complaint did not "put AVIS on notice that the amount in controversy exceeded $75,000." Dkt. 8 at 5. Therefore, the Court **DENIES** Ott's motion for reconsideration.

**IT IS SO ORDERED.**

Dated this 15th day of November, 2012.

_____
BENJAMIN H. SETTLE
United States District Judge